María Aurora Vázquez Medina, etc., Plaintiff and Appellant, v. Manuel González Martínez, Defendant and Appellee.

No. 8554. Argued July 6, 1942.—Decided July 20, 1942.

R. *Arjona Siaca* for appellant.  *Francis & Belaval* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On March 16, 1942, the lower court rendered judgment dismissing the complaint in this case and on the 9th of April the plaintiff filed a notice of appeal to this Supreme Court. May 14 defendant-appellee filed with this court a motion praying that the action be dismissed on the ground that the thirty-day period allowed to the appellant for the filing of the transcript of the record had elapsed without said transcript having been filed or without the appellant having moved for an extension of time therefor.

After notice of this motion the appellant filed a motion in opposition of the same wherein she admitted the foregoing facts but alleged that upon examining the record of the case in the lower court she found that timely notice of the judgment had not been given the parties nor had the proof of such notice been made part of the record and since the clerk of said court had complied with these requisites on April 24, the time for appeal had not run.

The hearing of the motion was set for July 6, 1942, but, prior to said date or on June 15, 1942, the transcript of the record, and on the same date set for the hearing, the appellant's brief, were filed.  Both parties have appeared and filed briefs.

The reason stated by the appellant for not having filed the transcript of the record on time and from which after

it was amended by leave of court, it appears that the plaintiff filed her second notice of appeal on May 16, 1942, can not be sustained. The appellant argues that since the copy of the notice of the judgment rendered March 16, 1942, was filed in the record April 24, 1942, her first notice of appeal, filed April 9 of this year, was premature, and that it having filed her second notice of appeal May 16 and the transcript of the record with this court June 15, the thirty-day period allowed for the appeal had not run.

The appellant's argument, in our opinion, can not prevail. A similar state of facts was presented in the case of *Veve et al.* v. *The Fajardo Sugar Growers' Association,* 17 P.R.R. 997, 999, and the following was held:

"It appears from the foregoing that the plaintiffs filed their notice of appeal on the same day that judgment was rendered and that subsequently they asked that notice of the judgment be served upon them by the secretary, that they then took a second appeal from the same judgment, and that to prosecute the same a second statement of the case was approved.

"The second appeal was unnecessary because while it is true that according to the act of March 9 of the present year amending, among others, section 289 of the Code of Civil Procedure, the time within which an appeal may be taken shall begin to run from the day on which the secretary files with the records a copy of the notice of the judgment which he is required to give to the defeated party or his attorney; but such notice is not necessary, however, when the defeated party has filed his appeal."

To the same effect see the cases of *Torres* v. *Calaf,* 17 P.R.R. 1137; *Rivera* v. *Martínez,* 26 P.R.R. 127, *Expósito* v. *Guzmán,* 44 P.R.R. 23; *Hernández* v. *Cruz Román,* 48 P.R.R. 509.

In the *Expósito* case, *supra,* the doctrine that the filing of an appeal constitutes a waiver of the notice of judgment by the appellant was ratified. And in the *Hernández* case, *supra,* it was said that "After judgment is rendered, the party . . . has a right to appeal without waiting for a notice."

In accordance with these cases, it was not necessary for the appellant to file a second notice of appeal in this case after having been notified of the judgment. The thirty-day period which she had to file with this court the transcript of the record began to run from the time when she filed with the lower court her first notice of appeal on April 9, 1942. Said period ended May 9, 1942, and without having prayed for an extension, it was not until June 15 of this year that the transcript of the record was filed with this court.

However, according to Rule 58 of this Supreme Court, the dismissal of an action on the grounds alleged by the appellee in this case lies within the discretion of this court. It appears from the transcript of the record that this is a tort case in which the plaintiff is a nine year old girl and that the complaint was dismissed as not stating facts sufficient to constitute a cause of action. The appellant's brief has already been filed and the errors assigned present a question of law which is thoroughly argued.

We believe that the ends of justice are better served by overruling the motion for a dismissal, and it is so adjudged.

Mr. Justice De Jesús did not participate herein.